UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

RUSSELL MERRIHEW, JR.,

                      Plaintiff,

  -v.-                                               1:04-CV-1027
                                                       (LEK/DRH)
ULSTER COUNTY, TOWN OF ULSTER,
TOWN OF ULSTER POLICE
DEPARTMENT, CITY OF KINGSTON,
CITY OF KINGSTON POLICE
DEPARTMENT, DETECTIVE ROBERT
REYNOLDS, LIEUTENANT TIMOTHY
MATHEWS, DETECTIVE BRIAN
ROBERTSON, DETECTIVE JOHN SHELLEY
and ROBERT HENRY,

                      Defendants.[1]
_____

**MEMORANDUM-DECISION AND ORDER[2]**

Currently before the Court is Motion, filed by Plaintiff Russell Merrihew ("Plaintiff" or Merrihew"), seeking reconsideration of an order denying Plaintiff's request for a late filing. Motion for Reconsideration (Dkt. No. 94); Order (Dkt. No. 93); Request (Dkt. No. 91). For the reasons described below, the Motion for reconsideration is denied.

**I. Background**

Plaintiff filed this claim on August 31, 2004, pursuant to Section 1984 of Title 42 of the United States Code, naming the City of Kingston, the Kingston Police Department, Lieutenant

---

[1] Defendants Ulster County and the City of Kingston are no longer parties to this action. See Docket 1:04-CV-1027.

[2] For printed publication by the Federal Reporters.

Mathews, Detective Brian Robertson and Robert Henry ("Kingston Defendants") as Defendants, as well as the Town of Ulster, the Ulster Police Department, Detective Robert Reynolds and Detective John Sheeley ("Ulster Defendants"). Complaint (Dkt. No. 1).

A Motion for summary judgment was filed by the Ulster Defendants on July 28, 2006, with a response by Plaintiff due by August 15, 2006. Dkt. No. 81. A few days later, on July 31, 2006, the Kingston Defendants filed a separate Motion for summary judgment. Dkt. No. 83. The same briefing schedule was assigned to both Motions. Id.

Plaintiff filed a Response to the Ulster Defendants' Motion for summary judgment on September 2, 2006. Dkt. No. 84. Correspondence revealed that Plaintiff had previously requested an extension until August 29, 2006 to respond to the Motion for summary judgment. Dkt Nos. 85, 86. The Ulster Defendants agreed to Plaintiff's request, although neither party notified the Court of the deadline. The Ulster Defendants requested that the Court reject Plaintiff's response, because it was filed after the agreed extension, which was itself never validated by the Court. Letter (Dkt. No. 85). In light of the difficulty which Mr. Cobb, Plaintiff's counsel, reported having with the Court's electronic filing system ("ECF"), the Court allowed Plaintiff's late submission. Order (Dkt. No. 87).

On September 22, 2006, Plaintiff requested leave to file a Response to the Kingston Defendants' Motion for summary judgment. Dkt. No. 91. Plaintiff argued that his filing should be allowed, despite the fact that over a month had passed since the deadline, because Mr. Cobb had failed to realize that two separate Motions for summary judgment had been filed. Id. Plaintiff again credited Mr. Cobb's lack of familiarity with ECF. Id. By order dated October 6, 2006, this Court denied Plaintiff's request. (Dkt. No. 93).

The current motion, seeking reconsideration of that Order, was filed on October 14, 2006. (Dkt. No. 94).

**II. Discussion**

A.     Standard

Rule 60(b) of the Federal Rules of Civil Procedure provides that relief from a final judgment or order may be granted for a few specific reasons. FED.R.CIV.P. 60(b). These reasons include, among others, mistake, inadvertence, surprise, or excusable neglect, as well as newly discovered evidence, fraud, or misconduct. Id. at (b)(1)-(6). "[S]uch relief is only warranted under 'extraordinary circumstances' or to prevent 'extreme and undue hardship.'" Rosa v. Dovenmuehle Mortg. Inc., 96 Fed. Appx. 32, 33 (2d Cir. 2004) (quoting DeWeerth v. Baldinger, 38 F.3d 1266, 1272 (2d Cir. 1994) (internal citations omitted)).

B.     Analysis

Although Plaintiff's filings do not specify the basis for reconsideration, it is assumed, based on the facts, that he is arguing excusable neglect as a justification. "[T]he excusable neglect determination under Rule 60(b) is at bottom an equitable one, taking account of all relevant circumstance surrounding the party's omission" Id. at 34 (quoting Pioneer Inv. Servs.Co v. Brunswick Assocs. Ltd. Partnership, 507 U.S. 380, 395 (1993)).

Plaintiff, through his counsel, Mr. Cobb, argues that the failure to respond to the Kingston Defendants' Motion for summary judgment is excusable because his lack of familiarity with ECF led him to assume that the July 31, 2006 filing was the same as the July 28, 2006 filing, although the filing were made by different Defendants. Letter Request (Dkt. No. 91) at 1. It is also argued, in the alternative, that Plaintiff's counsel never received a notification at all from ECF, due to computer

3

problems internal to Mr. Cobb's office. Affirmation of V. Cobb (Dkt. No. 94, Attach 2) at ¶ 9.

As the Kingston Defendants point out, a pretrial scheduling order issued by Magistrate Judge David R. Homer on March 22, 2006 set a deadline of August 1, 2006 for the filing of all dispositive motions. Scheduling Order (Dkt. No. 95, Ex. 1); Affidavit (Dkt. No. 95) at ¶5. Accordingly, Plaintiff was aware that any dispositive motion filed by the Kingston Defendants would have to be filed by that date. Considering that awareness, Plaintiff's counsel's failure to double check the docket or read the submission of July 31, 2006 until September 22, 2006 does not constitute excusable neglect. See Canfield v. Van Atta Buick/ GMC Truck, Inc., 127 F.3d 248, 250 (2d Cir. 1997) (noting that "a late filing will ordinarily not be excused by negligence," particularly when there is no ambiguity in the applicable court rules).

The Court is sympathetic to the negative effect of these circumstances on Plaintiff's case against the Kingston Defendants. Nonetheless, the omission in this case is not excusable and cannot be so lightly overlooked. See State Street Bank and Trust Co. v Inversiones Errazuriz Limitada, 374 F.3d 158, 177 (2d Cir. 2004) (a party is not entitled to relief under Rule 60(b)(1) when they or their attorney demonstrate a lack of diligence in pursuing litigation).

### III.  Conclusion

Based on the foregoing discussion, it is hereby

**ORDERED**, that Plaintiff's Motion for reconsideration (Dkt. No. 94) is **DENIED**; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on the parties.

**IT IS SO ORDERED**.

DATED:    January 08, 2008
          Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge